[Cite as *Toney v. Dept. of Rehab. & Corr.*, 2010-Ohio-6606.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD TONEY

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-01646

Judge Clark B. Weaver Sr.
Magistrate Robert Van Schoyck

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action asserting various claims. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff alleges that defendant has not provided him with adequate mental health care, and that SOCF employees destroyed his personal property, assaulted him, and attempted to poison him.[1]

**MENTAL HEALTH CARE CLAIM**

{¶ 3} Plaintiff testified that while he was incarcerated at SOCF, he routinely requested mental health treatment which was denied. Anita Carr was the acting Healthcare Administrator at the Belmont Correctional Institution (BeCI), where plaintiff

---

[1]Plaintiff's retaliation claims, medical claims, and claims based upon the conditions of his confinement were dismissed by the court on April 21, 2009.

was incarcerated at the time of trial.  Carr testified that she is a registered nurse who has specialized training in dealing with mental health issues, and that she was the mental health nurse at BeCI prior to assuming her current position.  Carr stated that she reviewed plaintiff's mental health file in preparation for trial and that the file shows that plaintiff received "more than adequate mental health care" during his incarceration at SOCF.   (Defendant's Exhibit A.)   Specifically, Carr stated that documents in the file show that plaintiff received care every time in which there was an indication that he was suicidal, that he was placed on suicide watch on numerous occasions, and that such placements always included evaluations by mental health professionals.  Plaintiff did not present any testimony or evidence to rebut Carr's testimony.

{¶ 4}   Based upon the foregoing, the court finds that plaintiff's claim that he was not provided adequate mental health care is without merit.

**ASSAULT CLAIM**

{¶ 5}   Regarding his assault claim, plaintiff testified that on an unspecified date, he was transferred from the "J-4" housing unit at SOCF to the "K-2" unit and that during the transfer he was assaulted by two unnamed "whiteshirts."   Plaintiff further testified that he was assaulted and sprayed with chemical mace on a regular basis while incarcerated at SOCF.  However, plaintiff did not present the court with any evidence or testimony as to the date of the alleged assaults or the individuals involved.

{¶ 6}   The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates.  Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 7}   "(2) Less-than-deadly force.   There are six general circumstances in which a staff member may use force against an inmate or third person.  A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 8}   "(a)  Self-defense from physical attack or threat of physical harm;

{¶ 9} "(b) Defense of another from physical attack or threat of physical attack;

{¶ 10} "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

"(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶ 11} "(e) Prevention of an escape or apprehension of an escapee; or

{¶ 12} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 13} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 14} Corrections Captain William Cool testified that he was familiar with plaintiff and dealt with him on a regular basis at SOCF. According to Cool, plaintiff was a "bad apple" and a "knucklehead," and was frequently on "constant watch" by staff. According to Cool, any time that force is used by a staff member against an inmate, a report is filed and the incident is documented and reviewed. Cool testified that plaintiff's inmate record from SOCF shows that while force was used against plaintiff on several occasions, it was never excessive, and that plaintiff did not suffer injury as a result of those incidents.

{¶ 15} Based upon the foregoing, the court finds that plaintiff has failed to establish that any force used against him by employees of defendant was excessive.

**PROPERTY CLAIM**

{¶ 16} Plaintiff testified that when he was discharged from SOCF, his compact discs, tapes, Quran, and other personal property were destroyed. However, plaintiff did not provide the court with any evidence of specific property that was allegedly destroyed. Accordingly, plaintiff's property claim must fail.

**POISONING CLAIM**

{¶ 17} Plaintiff testified that he is allergic to both mushrooms and beans, and that SOCF staff frequently served him these foods. Additionally, plaintiff testified that in the unit where he was housed, trays of food would arrive from the main kitchen and were then distributed to inmates' cells from a small "prep" area. Plaintiff stated that staff would spray unknown "chemicals" on his food in that area in an attempt to poison him.

{¶ 18} Carr testified that plaintiff's mental health record also included a "nutrition assessment" wherein it was noted that plaintiff ate a regular diet and did not note any food allergies. (Defendant's Exhibit A.) Moreover, she testified that there were no documented cases of plaintiff suffering from any type of poisoning or allergic reaction.

{¶ 19} The court finds plaintiff's testimony regarding the alleged poisoning of his food lacks credibility and, therefore, finds that his claim that he was poisoned is without merit.

{¶ 20} For the aforementioned reasons, judgment is recommended in favor of defendant on all of plaintiff's claims.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically*

*objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ROBERT C. VAN SCHOYCK
Magistrate

cc:

Amy S. Brown                      Gerald Toney
Emily M. Simmons            1711 Avalon Road
Assistant Attorneys General    Cleveland, Ohio 44112
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

MR/cmd
Filed November 29, 2010
To S.C. reporter January 4, 2011